**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DARIUS ALAS, | Case No.: |
| Plaintiff, | |
| v. | |
| THE WALT DISNEY COMPANY, a Delaware corporation; MARVEL ENTERTAINMENT, LLC., a Delaware limited liability company, DOES 1-10, | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

## JURY TRIAL DEMANDED

Plaintiff, Darius Alas ("Alas"), by and through his undersigned attorneys hereby prays to this honorable Court for relief based on the following:

## **INTRODUCTION**

1.      Alas is an artist that creates two-dimensional digital graphic art and designs.

2.      Alas brings this claim to seek redress for the unauthorized and unlawful exploitation of his original art. Defendant, The Walt Disney Company ("Disney") through its subsidiary, Marvel Entertainment LLC ("Marvel") (collectively, "Defendants"), is marketing and advertising a Marvel project entitled "Werewolf by Night" using Alas' original and copyrighted graphic artwork (the "Subject Artwork").  Defendants are copying or reproducing Alas' Subject Artwork or derivatives thereof to use both on the cover of their project and to advertise their project

3.      This unauthorized usage constitutes copyright infringement, inter alia, as set forth below.

## **JURISDICTION AND VENUE**

4.      This action arises under the Copyright Act of 1976, Title 17 U.S.C. §§ 101, et seq.

5.      This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a), (b).

6.      Venue in this District is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

7.      Alas is an individual residing abroad.

8.      Alas is informed and believes and thereon alleges that Disney is a Delaware corporation that maintains a corporate headquarters at 4 Hudson Square, New York, New York 10013.

2

9.      Alas is informed and believes and thereon alleges that Marvel is a wholly owned subsidiary of Disney, and that Disney wholly maintains control of Marvel and its operations.

10.     Alas is informed and believes and thereon alleges that Marvel is a Delaware limited liability company with corporate headquarters at 1290 Avenue of the Americas, Fl. 2, New York, New York 10104.

11.     Defendants Does 1 through 10, inclusive (collectively with Marvel and Disney, "Defendants"), are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sue said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

12.     Alas is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Alas' rights and the damages to Alas proximately caused thereby.

**FACTS RELATED TO PLAINTIFF'S SUBJECT ARTWORK**

13.     Alas created and owns all rights in the original copyrighted Subject Artwork depicted below.

**SUBJECT ARTWORK**



14.     Alas complied in all respects with the Copyright Act, and is the sole owner of the exclusive rights, title, interests, and privileges in the Subject Artwork, which is exempt from the registration requirement under the Berne Convention.

15.     Prior to the acts complained herein, Alas publicly displayed, marketed, and disseminated the Subject Artwork on various public websites and licensed the work to a musical act for use on merchandise.

16.     Defendants, each of them, had access to Alas' Subject Artwork through the various publicly accessible websites and social media profiles depicting Alas' Subject Artwork as well as through authorized retailers.

17.     Defendants, each of them, have willfully copied, reproduced, and distributed the Subject Artwork for financial benefit by, without limitation, reproducing the Subject Artwork and derivatives thereof on digital and print advertisements for the film "Werewolf by Night" ("Infringing Use"). Non-inclusive exemplars of the Infringing Use are depicted below.

**INFRINGING USE**



18.     A comparison of the Subject Artwork with the Infringing Uses reveals that the elements, composition, colors, arrangement, and overall appearance of the works are substantially similar. Non-inclusive comparisons are shown below.



19.     Upon information and belief, Alas alleges that Defendants, and each of them, had access to the Subject Artwork through Alas' numerous online profiles and features, online publications and press featuring Alas' work, Alas' social media accounts, or through viewing the Subject Artwork on third-party websites.

20.     Alas has not authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, or create derivative works of the Subject Artwork.

21.     On September 5, 2023, Alas sent Defendants a cease-and-desist for the Infringing Use. Defendants failed to meaningfully respond, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement – Against all Defendants, and Each)

22.     Alas repeats, re-alleges, and incorporated herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

23.     Upon information and belief, Alas alleges that Defendants accessed the Subject Artwork by, without limitation, viewing the Subject Artwork as its was publicly displayed and widely disseminated. Access is additionally evidence by the Subject Artwork's near exact reproduction in the Infringing Use depicted above.

24.     Upon information and belief, Alas alleges that Defendants copied, reproduced, displayed, and created derivatives of the Subject Artwork as seen, without limitation, in the non-inclusive exemplars of the Infringing Use shown above.

25.     Upon information and belief, Alas alleges that Defendants infringing Alas' exclusive rights to display, copy, reproduce, and create derivatives thereof from the Subject Artwork and publishing the same to the public.

26.     Due to Defendants', and each of their, acts of infringement, Alas has suffered actual, general, and special damages in an amount to be established at trial.

27.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Alas' rights in the Subject Artwork. As such, Alas is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of his rights in the Subject Artwork in an amount to be established at trial.

28.     Alas is informed and believes and thereon alleges that Defendants, and each of their, conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## SECOND CLAIM FOR RELIEF

(For Vicarious or Contributory Copyright Infringement – Against Disney)

29.     Alas repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs.

30.     Upon information and belief, Alas alleges that Disney knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Artwork as alleged hereinabove. Such conduct included, without limitation, publishing copies obtained from third parties that Disney knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Use on affiliate, third-party, and social media sites; and distributing the Infringing Use to third-parties for further publication.

31.     Alas is informed and believes and thereon alleges that Disney is vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Disney had the ability to oversee the development, publication, and distribution of the Infringing Use at issue. And, Disney realized profits through their respective obtainment, marketing and distribution of the Infringing Use.

32.    By reason of Disney's acts of contributory and vicarious infringement as alleged above, Alas has suffered and will continue to suffer substantial damages to his business in an amount to be established at trial, as well as additional actual, general, and special damages in an amount to be established at trial.

33.    Due to Disney's acts of copyright infringement as alleged herein, Disney has obtained direct and indirect profits they would not otherwise have realized but for their infringement of Alas rights in the Subject Artwork. As such, Ruiz is entitled to disgorgement of Disney's profits directly and indirectly attributable to Disney's infringement of his rights in the Subject Artwork, in an amount to be established at trial.

34.    Alas is informed and believes and thereon alleges that Disney's conduct as alleged herein was willful, reckless, and/or with knowledge, subjecting Defendants, and each of them, to enhanced statutory damages, claims for costs and attorneys' fees, and/or a preclusion from deducting certain costs when calculating disgorgeable profits.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

### Against All Defendants

Wherefore, Plaintiff prays for judgment as follows against all Defendants and with respect to each claim for relief:

a.  That Defendants, their affiliates, agents, and employees be enjoined from infringing Plaintiff's copyrights in and to the Subject Photography.

b.  That Plaintiff be awarded all profits of Defendants, and each, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. §§ 504, 1203 *et seq.*;

c.   That Plaintiff be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. §§ 505, *et seq.*

d.   That a trust be entered over all Infringing Uses, and all profits realized through the sales and distribution of said work;

e.   That Defendants, and each of them, be enjoined from any further use of the artwork at issue and/or the distribution of any production incorporating same.

f.   That Plaintiff be awarded pre-judgment interest as allowed by law;

g.   That Plaintiff be awarded the costs of this action; and

h.   That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: March 19, 2024          By:   */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Mackenzie Paladino, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com
mpaladino@donigerlawfirm.com
Telephone: (310) 590-1820
*Attorneys for Plaintiff*